IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

In re. Ahmed Olasunkanmi Salau,

        Debtor/Appellant.

                          Civil Action No.  1:15-11727

### MEMORANDUM OPINION AND ORDER

Pending before the court is appellant's appeal of the bankruptcy court's dismissal of an adversary proceeding and denial of his motion to continue and/or appear telephonically at a hearing.  For the reasons that follow, the bankruptcy court's findings are **AFFIRMED**.

### I.   Background

On January 8, 2015, appellant filed for Chapter 7 bankruptcy protection in this district.  (In re. Salau, Bankruptcy Petition 1:15-bk-10001, Doc. No. 1).  On February 19, 2015, appellant filed an adversary proceeding against Mercer Wrecker, Inc., Mike Roles, Krista Somer Thompson, and Judy Thompson.[1]  (Salau v. Mercer Wrecker, Inc. et al., Adversary Proceeding No. 1:15-ap-01001, Doc. No. 1).  Appellant's

---

[1] Appellant filed another adversary proceeding a few days earlier, on February 13, 2015, related to his outstanding student loans.  (Salau v. United States Dep't of Educ. et al., Adversary Proceeding No. 1:15-ap-01000).

complaint included two principal allegations:  (1) that all four defendants had illegally taken possession of his pickup truck and disgorged its contents and (2) that defendant Krista Thompson had falsely accused him of rape.  Id.  Appellant sought "compensatory and punitive, affirmative and equitable relief, special and exemplary damages, and an award of costs and attorney's fees" for "unfair business practices, fraudulent enrichment against the Defendants Mike Roles and Mercer Wrecker and alleging Defamation Slander [sic] per se, Defamation Libel [sic] per se against the Defendants Krista Thompson [sic] and alleging intentional infliction of emotional distress and outrage against Mike Roles, Mercer Wrecker, Judy Thompson, and Krista Thompson."  Id.

On March 27, 2015, appellant moved for default judgment against all named defendants and further moved for a telephonic hearing.  (Salau v. Mercer Wrecker, Inc. et al., Doc. No. 5). The bankruptcy court scheduled a hearing for May 20, 2015. (Salau v. Mercer Wrecker, Inc. et al., Doc. No. 6).  A few days before the hearing, appellant moved the bankruptcy court for a continuance.  (Salau v. Mercer Wrecker, Inc. et al., Doc. No. 8).  The bankruptcy court granted the motion and continued the hearing for one month, rescheduling it for June 18, 2015. (Salau v. Mercer Wrecker, Inc. et al., Doc. No. 9).  A few days before the rescheduled hearing, appellant again moved the

2

bankruptcy court for a continuance.  (<u>Salau v. Mercer Wrecker, Inc. et al.</u>, Doc. No. 11).  The bankruptcy court denied this motion, citing appellant's position as the party moving for default judgment and cautioned appellant that he "should be prepared to move forward" on the matters he brought before the bankruptcy court.  (<u>Salau v. Mercer Wrecker, Inc. et al.</u>, Doc. No. 12).

On June 18, 2015, the bankruptcy court held the scheduled hearing on appellant's motion for default judgment and, at that time, denied the motion.  (<u>Salau v. Mercer Wrecker, Inc. et al.</u>, Doc. No. 17).  Appellant did not appear at this hearing.  A written order followed on July 29, 2015, in which the bankruptcy court described its reasons for dismissing the adversary proceeding.  (<u>Salau v. Mercer Wrecker, Inc. et al.</u>, Doc. No. 19).  The bankruptcy court specifically noted its concern that appellant had not properly served any of the parties to the adversary proceeding, save the bankruptcy court, a conclusion furthered by the fact that none of the named defendants had responded to the adversary complaint.  <u>Id.</u> at 2.  Furthermore, it did not appear that appellant had properly served any of the defendants with his motion for default judgment.  <u>Id.</u>

Notwithstanding these service deficiencies, the bankruptcy court found that appellant's adversary complaint was insufficient.  <u>Id.</u>  Specifically, appellant "fail[ed] to detail

3

or outline any statutes in which [he] relies to bring his claims." Id.  The bankruptcy court further found that "the allegations set forth in [appellant's] complaint are not core to [appellant's] Chapter 7 bankruptcy estate." Id. at 3.  As a result, even if appellant had properly served the named defendants and amended his complaint so that it included the statutes on which he relied, the bankruptcy court still would not have been the proper venue for appellant to achieve the relief he sought.  Id.  Accordingly, the bankruptcy court dismissed the adversary proceeding and closed the matter.  Id. Two days later, on July 29, 2015, the bankruptcy court entered an order discharging the debtor.  (In re. Salau, Bankruptcy Petition 1:15-bk-10001, Doc. No. 86).

On July 31, 2015, appellant filed a notice of appeal in this court.  (In re. Salau, Bankruptcy Petition 1:15-bk-10001, Doc. No. 88; In re. Salau, Civil Action No. 1:15-cv-11727, Doc. No. 1).  Appellant notes three issues for appeal:[2]  (1) whether

---

[2] Appellant did not file a timely brief in this appeal.  The court issued a scheduling order on September 3, 2015 and ordered appellant to file a brief in support of his appeal on or before September 16, 2015.  (Doc. No. 3).  On September 16, 2015, appellant filed a motion for an extension of time to file his brief.  (Doc. No. 4).  The court granted this motion and ordered him to file his brief on or before October 17, 2015.  (Doc. No. 5).  On October 19, 2015, two days after the court's deadline for filing had passed, appellant moved the court for a second extension of time to file his brief.  (Doc. No. 10). Recognizing appellant's pro se status, the court granted this second extension and ordered appellant's brief due on October

the bankruptcy court erred in its dismissal of his adversary proceeding; (2) whether the bankruptcy judge abused his discretion by denying his motion to continue and denying his request to appear telephonically; and (3) whether the bankruptcy court erred in "prematurely" discharging the appellant.

## II.   Standard of Review

Federal district courts have jurisdiction to "hear appeals from final judgments, orders, and decrees, and with leave of court, from interlocutory orders and decrees, of bankruptcy judges . . .".  28 U.S.C. § 158(a).  "An order of dismissal that ends litigation on the merits of an adversary proceeding is also a final order."  In re. Reynolds, 455 B.R. 312, 318 (D. Mass. 2011).  When a party appeals a bankruptcy court's ruling to the

---

(cont'd)
28, 2015, but warned appellant that it would not look favorably upon further requests for extension.  (Doc. No. 11).  The October 28th deadline passed and appellant still had not filed a brief.  Two days later, appellant filed a third motion for an extension.  (Doc. No. 12).  Even though the court did not grant this motion, appellant filed a brief on November 6, 2015.  (Doc. No. 14).  This brief would not be timely even if the court granted appellant's third extension request, as appellant moved the court for leave to file his brief by October 30, 2015.
    Furthermore, appellant did not timely designate the issues for this court's review.  Pursuant to Federal Rule of Appellate Procedure 6(b)(2)(B)(i), a bankruptcy appellant has fourteen days after filing his or her notice of appeal to file a statement of issues to be presented on appeal.  Appellant did not file his statement of issues until November 6, 2015. However, even if appellant's brief and statement of issues were timely filed, the court would nevertheless conclude that his appeal is without merit and affirm the bankruptcy court.

district court, the bankruptcy court's "[f]indings of fact,
whether based on oral or documentary evidence, shall not be set
aside unless clearly erroneous, and due regard shall be given to
the opportunity of the bankruptcy court to judge the credibility
of the witness."  In re. Fitzwater, 2012 WL 4339559, Civil
Action No. 2:11-cv-00934, at *2 (S.D.W. Va. Sept. 21, 2012)
(quoting Federal Rule of Bankruptcy Procedure 8013).  Review of
the bankruptcy court's conclusions of law is de novo.  In re.
Mountain Laurel Res. Co., 258 B.R. 652, 656 (S.D.W. Va. 2001)
(quoting In re. Johnson, 960 F.2d 396, 399 (4th Cir. 1992)).

### III. Analysis

#### A.   Dismissal of Appellant's Adversary Proceeding

Having reviewed appellant's filings and the record, the
court concludes that the bankruptcy court did not err in
dismissing appellant's adversary proceeding.  Part VII of the
Federal Rules of Bankruptcy Procedure apply to adversary
proceedings and, specifically, Federal Rule of Bankruptcy
Procedure 7004 governs process and service of summons.  Rule
7004(a)(1) incorporates certain portions of Federal Rule of
Civil Procedure 4, and specifically incorporates Federal Rule of
Civil Procedure 4(m).  Pursuant to Rule 4(m), a court must
dismiss an action if a defendant has not been served with a
complaint within 120 days of its filing.

In this case, appellant filed a complaint initiating an adversary proceeding on February 19, 2015. Under Rule 4(m), appellant had 120 days--until June 19, 2015--to serve the named defendants. But it does not appear that appellant served any of the named defendants and his "proof of service" provided to the bankruptcy court was merely several receipts handwritten on what is titled "UPS Shipping Document." (Salau v. Mercer Wrecker, Inc. et al., Doc. No. 4). The bankruptcy court found that it was the only entity served with a copy of the complaint and further noted that none of the named defendants responded to the complaint and that appellant had not served any of the named defendants with a copy of his motion for declaratory judgment.

Furthermore, appellant had an opportunity to address the service of process deficiencies, but chose not to do so. The bankruptcy court held a hearing on appellant's motion for declaratory judgment, but appellant did not appear, even though he was the moving party. The bankruptcy court noted his absence in its dismissal order, stating, "[b]ecause the Plaintiff did not appear at the hearing, an inquiry regarding the methods of process used was unattainable." Appellant had the opportunity to address and, potentially, to remedy the deficiencies in his service of process, but failed to do so. When appellant had not properly served any of the defendants on or before June 19, 2015, the bankruptcy court had an obligation to dismiss his

adversary proceeding.  Its July 29, 2015 order acting on this
obligation was in full compliance with both the Federal Rules of
Bankruptcy Procedure and the Federal Rules of Civil Procedure,
not error.

The bankruptcy court's conclusion that the proceeding was
not a core proceeding further supports its dismissal of
appellant's adversary proceeding.  28 U.S.C. § 157 allows
bankruptcy judges to "hear and determine all cases under title
11 and all core proceedings arising under title 11, or arising
in a case under title 11 . . .".  As this court has stated
before,

> [n]o bright line clearly divides "core" and "non-core"
> proceedings.  See In re: Apex Exp. Corp., 190 F.3d 624,
> 631 (4th Cir. 1999).  However, the United States Court
> of Appeals for the Fourth Circuit has adopted at least
> one bright-line rule: when claims that arise pre-
> petition and are grounded in state law dominate a
> proceeding, treat that proceeding as "non-core."  See
> id. at 632.

Guy v. Franklin Am. Mortg. Co., 2013 WL 6628550, Adversary No.
10-1005, Civil Action No. 1:11-mc-00138, at *2 (S.D.W. Va. Dec.
10, 2013).

Having reviewed the record, the court concurs with the
bankruptcy court's determination that appellant's adversary
proceeding was not a core proceeding.  The claims appellant
raised were all grounded in state law and concerned incidents
that occurred before appellant filed for Chapter 7 bankruptcy

protection.  As the proceeding did not constitute a core proceeding, the bankruptcy court's dismissal was appropriate and this court finds no error in its judgment.

### B. Denial of Appellant's Motion to Continue and Motion to Appear by Telephone

Upon review of appellant's filings and the record, the court concludes that the bankruptcy judge did not abuse his discretion by denying appellant another continuance and denying his request to appear by telephone.  Appellant initiated the adversary proceeding and moved for declaratory judgment.  As the moving party, he had a responsibility to make himself available for court hearings.  The bankruptcy court had already granted appellant one continuance and had no obligation to grant him another.  Bankruptcy Judge Pearson stated on the record that he had given appellant every opportunity to attend the hearing, but was seriously concerned about the progress of the bankruptcy case.  In light of these concerns, the court cannot find that the bankruptcy judge abused his discretion in denying appellant's second motion to continue.

Furthermore, it was not an abuse of discretion to deny appellant's motion to appear at the hearing by telephone.  A debtor does not have a fundamental right to appear telephonically at a hearing.  In re. Michael, 285 B.R. 553, 558 (Bankr. S.D. Ga. 2002) ("There is no constitutional right in

play here, and Debtor has no absolute right to appear telephonically."). Given that appellant was the party moving for a declaratory judgment, it is not unreasonable for the bankruptcy court to expect his physical presence at the hearing. Further, it is clear from the record that Bankruptcy Judge Pearson was seriously concerned about the progress of appellant's case and harbored considerable doubts regarding appellant's efforts to pursue faithfully his causes of action. Notably, appellant failed to file complete schedules and, as stated above, had not properly served any of the defendants. It was not unreasonable for Bankruptcy Judge Pearson to require appellant's physical presence to discuss these issues, rather than a telephonic one.

### C.   Appellant's Discharge

Appellant's brief lists two issues for the court's consideration, but couched within his second issue is a contention that the bankruptcy court erred in discharging "[a]ppellant prematurely because not [sic] his finances are in a complete disarray instead of creating order to his finances." (Doc. No. 14 at 7). Appellant offers no further support for this contention. Upon review of the record, the court finds no error and the bankruptcy court's order discharging appellant is affirmed.

## IV.   Conclusion

Accordingly, the bankruptcy court's decision in this case is **AFFIRMED**.  The remaining motions associated with this case, (Doc. Nos. 2, 12), are hereby **DENIED** as moot.  The Clerk is **DIRECTED** to remove this case from the court's docket.

The Clerk is further **DIRECTED** to send copies of this Order to all counsel of record and appellant, pro se.

**IT IS SO ORDERED** this 14th day of January, 2016.

Enter:

David A. Faber
Senior United States District Judge