```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

In re. Ahmed Olasunkanmi Salau,

    Debtor/Appellant.

                                      Civil Action Nos. 1:15-11078
                                                        1:15-11080
                                                        1:15-11727

## **MEMORANDUM OPINION AND ORDER**

    Pending before the court are appellant's applications to proceed on appeal <u>in forma pauperis</u>. (Doc. Nos. 21, 23, 21). For the reasons that follow, appellant's applications and his request for all other relief in these applications are **DENIED**.

    Appellant has not complied with Federal Rule of Appellate Procedure 24. Pursuant to Rule 24(a)(1), a party seeking leave to appeal <u>in forma pauperis</u> must file a motion in the district court accompanied by an affidavit that:

    (A)   shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
    (B)   claims an entitlement to redress; and
    (C)   states the issues that the party intends to present on appeal.

Appellant has not complied with any of these three requirements.

    It is unclear whether appellant received in forma pauperis status in the bankruptcy court action and whether that status

transferred to the district court action, as well.[1]  Rule 24(a)(3)(A) permits a party that has proceeded in forma pauperis "in the district-court action" to retain that status on appeal without further authorization unless the appeal is not taken in good faith.  The Rule does not clarify whether "in the district-court" includes those actions initiated in bankruptcy court.

If appellant received and retained in forma pauperis status, the court must deny his application because his appeal is not taken in good faith.  An appellant presents an appeal in good faith when he or she seeks appellate review of any issue that is not frivolous.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  Two of appellant's three appeals to the district court sought review of interlocutory orders:  both sought review of the bankruptcy judge's denial of appellant's motion to appear telephonically, as well as review of:  (1) the Trustee's abandonment of unmeritorious lawsuits included in

---

[1]  In appellant's initial bankruptcy case, the bankruptcy court waived the Chapter 7 filing fee pursuant to 28 U.S.C. § 1930(f)(1), but appellant neither requested nor received formal in forma pauperis status in his appeal to the district court. However, courts are split on the question of whether a bankruptcy court can grant in forma pauperis status.  See In re Minh Vu Hoang, Civil Action Nos. DKC 11-2641, DKC 11-2642, DKC 11-2653, DKC 11-2654, 2011 WL 10583556, at *4 (D. Md. Dec. 13, 2011) (collecting cases); see also In re Perroton, 958 F.2d 889, 896 (9th Cir. 1991) (answering in the negative); In re Richmond, 247 F. App'x 831, 833 (7th Cir. 2007) (unpublished) (answering in the affirmative).  It appears that our Court of Appeals has not directly ruled on this issue.  See In re Fromal, 52 F.3d 321 (Table), 1995 WL 230253, at *1 n.1 (4th Cir. 1995).

appellant's property and (2) whether the bankruptcy court should have ordered the United States Marshals Service to serve process. Appellant's remaining appeal again sought review of the bankruptcy court's denial of appellant's motion to appear telephonically and the bankruptcy court's dismissal of two adversary proceedings: one related to appellant's claim that four individuals had illegally taken possession of his automobile and another related to appellant's claim that his former wife falsely accused him of rape.

Appellant's appeals possess neither an arguable basis in law nor in fact. Nothing in his materials suggests by more than a mere "scintilla of evidence" that he is entitled to the relief he seeks. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986). Instead, his arguments offer only general and conclusory statements unsupported by fact or law and are plainly frivolous.

As a result, if appellant possessed in forma pauperis status in the bankruptcy court proceedings and district court action, the court would deny his application to proceed in forma pauperis on appeal because his appeal is not taken in good faith. Alternatively, if appellant did not have leave to proceed in forma pauperis in his district court action, the court would deny his application for failure to adhere to the requirements of Rule 24(a)(1). Under either standard, his

applications to proceed in forma pauperis (Doc. Nos. 21, 23, 21), must be **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 24(a)(5), appellant may refile his applications in the Court of Appeals. The Clerk is directed to send a copy of this Order to counsel of record and to appellant, pro se.

**IT IS SO ORDERED** this 25th day of February, 2016.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge